Filed 3/13/26  P. v. Chavez CA4/2

## NOT TO BE PUBLISHED IN OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FOURTH APPELLATE DISTRICT

## DIVISION TWO

THE PEOPLE,

    Plaintiff and Respondent,

v.

JOEL CHAVEZ,

    Defendant and Appellant.

E086147

(Super.Ct.No. FVI23000494)

OPINION

APPEAL from the Superior Court of San Bernardino County.  Michael S. Dauber, Judge.  Affirmed.

Christine M. Aros, under appointment by the Court of Appeal, for Defendant and Appellant.

No appearance for Plaintiff and Respondent.

Joel Chavez appeals the trial court's resentencing decisions following our decision in his direct appeal. His attorney has filed a brief under the authority of *People v. Wende* (1979) 25 Cal.3d 436 (*Wende*) and *Anders v. California* (1967) 386 U.S. 738 informing this court they were unable to identify any errors and asking us to perform an independent review of the record.[1] We affirm.

BACKGROUND

In 2023 a jury convicted Chavez of attempted voluntary manslaughter (Pen. Code, § 664/192, subd. (a))[2] and possessing a firearm as a felon (§ 29800, subd. (a)(1)). It also found that he personally discharged a firearm. (§ 12022.5, subd. (a)) The court then found that Chavez's prior conviction for actively participating in a criminal street gang (§ 186.22, subd. (a)) was both a serious felony and a prior strike. (§§ 1170.12, subd. (a); 667, subds. (a)-(i))

The court sentenced him to an aggregate term of 27 years four months in prison, composed of the upper term of five years six months for the attempted voluntary

---

[1] Chavez claims he appeals from an order made after judgment affecting his substantial rights (§ 1237, subd. (b)), but requests we conduct an independent review of the record under *Wende*. However, under *People v. Delgadillo* (2022) 14 Cal.5th 216 we are not obligated to conduct a *Wende* review in an appeal from an order made after judgment. Nevertheless, it may be that this is an appeal from a new final judgment, not from a post-judgment order. (See *People v. Arias* (2020) 52 Cal.App.5th 213, 219–221 [a newly imposed sentence following resentencing constitutes an appealable " 'final judgment of conviction' under section 1237, subdivision (a)"].) Regardless of Chavez's entitlement to independent review, we have conducted one. (See *Delgadillo*, at p. 230 ["if the appellate court wishes, it may also exercise its discretion to conduct its own independent review of the record in the interest of justice"].)

[2] Unlabeled statutory citations refer to the Penal Code.

2

manslaughter doubled to 11 years, and eight months doubled to 16 months for possessing a firearm as a felon, plus 10 years for the firearm enhancement, and five years for the prior strike.

Chavez appealed. On appeal, we reversed the trial court's true findings on the prior serious felony and strike allegations, vacated his sentence, and remanded to allow the prosecution to re-try the reversed allegations and for the trial court to resentence Chavez. (*People v. Chavez* (Dec. 20, 2024, E082382) [nonpub. opn.].)

After remand the prosecution declined to re-try the allegations, and the trial court dismissed them. It then resentenced Chavez to the same sentence, but without the offending enhancements. Specifically, the court sentenced him to an aggregate term of 16 years two months, composed of the upper term of five years six months for voluntary manslaughter, and eight months for possessing a firearm as a felon—neither sentence doubled anymore—plus 10 years for the firearm use enhancement.

Chavez appealed again.

## DISCUSSION

We appointed counsel to represent Chavez on appeal, and counsel filed a brief setting forth a statement of the case and a summary of the facts and asking us to conduct an independent review of the record. Counsel's brief directed our attention to just one potential issue: whether the court erred in resentencing Chavez. We offered Chavez an opportunity to file a personal supplemental brief, and he has not done so.

3

We have independently reviewed the record for potential error and find no arguable error that would result in a disposition more favorable to Chavez.

DISPOSITION

We affirm the judgment.

NOT TO BE PUBLISHED IN OFFICIAL REPORTS

RAPHAEL _____
J.

We concur:

RAMIREZ _____
P. J.

CODRINGTON _____
J.